FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2014 AUG 8 PM 3 22

STEPHAN HARRIS, CLERK
CASPER

Ryan P. Healy
Healy Law Firm, LLC
49 South Main Street
P.O. Box 605
Sheridan, WY 82801
Phone: (307) 672-7437
Fax: (307) 672-0187
Email: ryan@healylawwyo.com

Jeremy D. Michaels
Michaels & Michaels, PC
222 S. Gillette Ave., Suite 701
Gillette, WY 82716
Phone: (307) 682-2037
Fax: (307) 687-1737
Email: Jeremy@wylaw.net

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| BILLIE and DEBORAH RAUTH, individually and as husband and wife, <br><br> Plaintiffs, <br><br> vs. <br><br> KLONDIKE RANCH LIMITED PARTNERSHIP, a Wyoming Limited Partnership, and ANGELA TASS, an individual, <br><br> Defendants. | Civil Action No. 14CV 162-S |

### COMPLAINT AND DEMAND FOR JURY TRIAL

1

Receipt # CAS 1318
Summons: 2 issued
___ not issued

COME NOW the Plaintiffs, by and through their undersigned attorneys, Ryan P. Healy of Healy Law Firm, LLC, and Jeremy D. Michaels of Michaels & Michaels, PC, and for their Complaint against the Defendants, state and allege as follows:

### PARTIES, VENUE, AND JURISDICTION

1.  Plaintiffs Billie and Deborah Rauth are husband and wife and are adult residents of Boundary County, Idaho.

2.  Upon information and belief, Defendant Angela Tass ("Defendant Tass") is a resident of Johnson County, Wyoming, and has maintained such residency at all times pertinent hereto.

3.  Upon information and belief, Defendant Klondike Ranch Limited Partnership ("Defendant Klondike Ranch") is a Limited Partnership duly organized and registered in the State of Wyoming. Defendant Klondike Ranch was doing business in Johnson County, Wyoming on August 23, 2011, and is responsible for the acts, errors, and omissions of its employee, Defendant Tass.

4.  This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332(a)(1), in that the parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

5.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2), in that all of the actions complained of herein occurred within the State of Wyoming.

6. Plaintiffs hereby confirm that the Director of the Wyoming Workers' Compensation Division and the Attorney General of the State of Wyoming have been served with a copy of this Complaint, by certified mail, return receipt requested, as set forth in W.S. § 27-14-105(b) (LexisNexis 2013).

## FACTUAL ALLEGATIONS

7. On August 23, 2011, at approximately 3:20 p.m., Plaintiff Billie Rauth was lawfully operating a Peterbuilt semi-truck and trailer, traveling north on Wyoming Highway 12 in Johnson County, Wyoming. The weather and road conditions were clear and dry.

8. On the same date and time, Defendant Tass was also traveling north on Wyoming Highway 12, operating a one ton Dodge Ram pickup and livestock trailer owned by, and with the authority of, Defendant Klondike Ranch, Defendant Tass was hauling the livestock trailer containing several bulls owned by Defendant Klondike Ranch.

9. At the time Defendant Tass was operating the vehicle, the vehicle was either not equipped with proper trailer brakes, or the trailer brakes were not properly installed or operational.

10. As he approached his destination on Wyoming Highway 12, Plaintiff Billie Rauth slowed and swung his vehicle to the right to setup for a left turn into a narrow driveway to the left of the highway.

11. As Plaintiff Billie Rauth was making his approach to the driveway, while

signaling his intention to do so, Defendant Tass attempted to overtake and pass Plaintiff Billie Rauth on the left side, moving into the oncoming southbound lane of travel.

12. Defendant Tass' vehicle collided at high speed with Plaintiff Billie Rauth's vehicle at the driver's door in the southbound lane of the highway, entangling the vehicles and sending them into the ditch on the left of the highway.

13. As a direct result thereof, Plaintiff Billie Rauth and Plaintiff Deborah Rauth suffered injuries and damages, as more fully described hereinafter.

## LIABILITY

14. Plaintiff Billie Rauth was, at all times relevant hereto operating his vehicle in a lawful and prudent manner and is free from any negligence.

15. The motor vehicle crash complained of herein was the result of the carelessness and negligence of Defendant Tass.

16. Pursuant to Wyoming law, Defendant Tass had a duty to operate her motor vehicle with due care and safety under the circumstances, which included an obligation to:

    a. overtake and pass other vehicles traveling on the road, including Plaintiff Billie Rauth's vehicle, only when she could do so safely and without interfering with Plaintiff Billie Rauth's vehicle and safety;

    b. equip and/or utilize the safety equipment of her vehicle properly, including the proper installation and operation of trailer brakes, to ensure that her vehicle could be operated in

a safe manner;

    c.    keep a proper lookout;

    d.    maintain proper control of her vehicle;

    e.    travel at a safe speed; and

    f.    operate her vehicle in a reasonably safe manner to ensure the safety of motorists, including Plaintiff Billie Rauth.

17. Defendant Tass breached the aforementioned duties and was generally negligent in causing the crash complained of herein.

18. The acts, errors, omissions and negligence of Defendant Tass were the sole and/or proximate cause of the collision between the vehicle she was operating and the vehicle operated by Plaintiff Billie Rauth.

19. As the time of the collision, Defendant Tass was acting within the scope of her employment with Defendant Klondike Ranch.

20. At the time of the collision, Defendant Tass was further operating the truck and trailer with full authority of Defendant Klondike Ranch.

21. Defendant Klondike Ranch is vicariously liable for the negligence of Defendant Tass.

## DAMAGES

22. As a direct and proximate cause of the above-described acts of negligence by the Defendants, Plaintiffs have suffered damages in excess of the jurisdictional thresholds of this Court, including, but not limited to, the following:

**Plaintiff Billie Rauth**

a. Medical expenses, past and future, for injuries including but not limited to traumatic brain injury;

b. Loss of vocational ability, past and future;

c. Wage loss and loss of future earning capacity;

d. Pain and suffering experienced as a result of the injuries and pain and suffering reasonably probable to be experienced in the future;

e. Loss of enjoyment and quality of life and cognitive/intellectual ability and any loss of enjoyment and quality of life and cognitive/intellectual ability reasonably probable to be experienced in the future; and

f. Inconvenience and consequential damages.

**Plaintiff Deborah Rauth**

a. Loss of spousal care, household services, comfort, society and consortium and loss of spousal care, household services, comfort, society and consortium reasonable probable to be experienced in the future;

b. Wage loss and loss of future earning capacity; and

c. Reasonable value of home nursing services she provided to her husband, and for future nursing services she is reasonably likely to experience in the future.

23. Defendants, and each of them, are liable for these damages in amounts to be proven at trial.

24. Defendants, and each of them, are also liable for exemplary and punitive damages resulting from the Defendants' willful, reckless, and wanton acts and omissions of failing to ensure that the trailer brakes on the vehicle driven by Defendant Tass were properly installed and/or operating at the time of the accident complained of herein, given the extremely heavy load Defendant Tass elected to haul upon a public highway.

**WHEREFORE,** Plaintiffs Billie and Deborah Rauth respectfully pray that the Court:

1. Award Plaintiffs judgment for damages in an amount to be proven at trial against the Defendants, and each of them, jointly and severally;

2. Award Plaintiffs exemplary and punitive damages against the Defendants;

3. Award Plaintiffs the costs of this action as allowed by law against the Defendants; and

4. For such further relief as the Court deems appropriate under the circumstances.

DATED this 7th day of August, 2014.

                                                **BILLIE AND DEBORAH RAUTH,**
                                                **PLAINTIFFS**

By: _____
      Ryan P. Healy
      Healy Law Firm, LLC
      49 South Main Street
      P.O. Box 605
      Sheridan, WY 82801
      Phone: (307) 672-7437
      Fax: (307) 672-0187
      Email: ryan@healylawwyo.com

      Jeremy D. Michaels
      Michaels & Michaels, PC
      222 S. Gillette Ave., Suite 701
      Gillette, WY   82716
      Phone: (307) 682-2037
      Fax:  (307) 687-1737
      Email:  Jeremy@wylaw.net

## DEMAND FOR JURY TRIAL

COME NOW the Plaintiffs, by and through their undersigned attorneys, and, pursuant to Rule 38(b) of the *Federal Rules of Civil Procedure*, hereby demand that all issues in this matter so triable be tried by a jury.

DATED this 7th day of August, 2014.

                                                **BILLIE AND DEBORAH RAUTH,**
                                                **PLAINTIFFS**

By: _____
Ryan P. Healy
Healy Law Firm, LLC
49 South Main Street
P.O. Box 605
Sheridan, WY 82801
Phone: (307) 672-7437
Fax: (307) 672-0187
Email: ryan@healylawwyo.com

Jeremy D. Michaels
Michaels & Michaels, PC
222 S. Gillette Ave., Suite 701
Gillette, WY  82716
Phone: (307) 682-2037
Fax:   (307) 687-1737
Email:   Jeremy@wylaw.net